**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

RAFQA STAR, LLC,

                 Plaintiff,

    v.

GOOGLE LLC,

                 Defendant.

███████████████

Case No. 6:22-cv-1207-ADA

JURY TRIAL DEMANDED

### DEFENDANT GOOGLE LLC'S OPPOSED MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)

PUBLIC VERSION

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................... 1

II.     FACTUAL BACKGROUND ........................................................................................ 1

    A.    Rafqa Star Has No Real Ties To W.D. Tex. .......................................................... 1

    B.    Google's Witnesses And Documents Are In N.D. Cal. ........................................... 2

    C.    Third-Party Witnesses Are Located In N.D. Cal. Or Other Locations
        Besides Texas ........................................................................................................ 3

III.    LEGAL STANDARD ................................................................................................... 4

IV.     ARGUMENT ................................................................................................................ 6

    A.    This Case Could Have Been Brought In N.D. Cal. ................................................ 6

    B.    The Private Interest Factors Favor Transfer To N.D. Cal. .................................... 6

        1.    The Relative Ease Of Access To Sources Of Proof .................................. 6

        2.    The Availability Of Compulsory Process To Secure The
            Attendance Of Witnesses ......................................................................... 7

        3.    The Cost Of Attendance For Willing Witnesses ....................................... 8

        4.    Other Practical Problems That Make Trial Of A Case Easy,
            Expeditious, And Inexpensive ................................................................ 10

    C.    The Public Interest Factors Favor Transfer To N.D. Cal. ................................... 11

        1.    The Administrative Difficulties Flowing From Court Congestion .......... 11

        2.    The Local Interest In Having Localized Interest Decided At Home ....... 11

        3.    The Familiarity Of The Forum With The Law That Will Govern
            The Case And The Avoidance Of Unnecessary Problems Of
            Conflict Of Laws Or In The Application Of Foreign Law ...................... 13

V.      CONCLUSION ........................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*10Tales, Inc. v. TikTok Inc.*,
    2021 WL 2043978 (W.D. Tex. May 21, 2021) ....................................................................... 10

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
    358 F.3d 337 (5th Cir. 2004) ................................................................................................... 5

*Fintiv, Inc. v. Apple Inc.*,
    No. 6:18-CV-00372-ADA, 2019 WL 4743678 (W.D. Tex. Sept. 13, 2019) ............................ 7

*Hoffman v. Blaski*,
    363 U.S. 335 (1960) ................................................................................................................ 5

*In re Adobe Inc.*,
    823 F. App'x 929 (Fed. Cir. 2020) ....................................................................................... 11

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020) ..................................................................................... 6, 8, 11

*In re Apple Inc.*,
    No. 2021-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) ............................................ 7, 11

*In re Apple Inc.*,
    No. 2022-137, 2022 WL 1676400 (Fed. Cir. May 26, 2022) .................................................. 12

*In re Cray Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017) ............................................................................................... 6

*In re EMC Corp.*,
    501 F. App'x 973 (Fed. Cir. 2013) ......................................................................................... 5

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) ..................................................................................... 6, 8, 11

*In re Google LLC*,
    No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ..................................... 7, 8, 9, 12

*In re Google LLC*,
    No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ............................................. 5, 6

*In re Google LLC*,
    No. 2023-101, 2023 WL 1425780 (Fed. Cir. Feb. 1, 2023) .................................................. 10

*In re HP Inc.*,
    826 F. App'x 899 (Fed. Cir. 2020) ......................................................................................... 8

# TABLE OF AUTHORITIES
(authorities)

**Page(s)**

*In re HP Inc.*,
No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ................................... 7

*In re Juniper*,
14 F.4th 1313 (Fed. Cir. 2021) ......................................................... 5, 11

*In re Nintendo Co., Ltd.*,
589 F.3d 1194 (Fed. Cir. 2009) ....................................................... 5, 6

*In re TS Tech USA Corp.*,
551 F.3d 1315 (Fed. Cir. 2008) ......................................................... 4

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) ......................................................... 5, 8

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) ..................................................... passim

*L2 Mobile Techs. LLC v. Google LLC*,
No. 6:21-cv-00358-ADA, ECF No. 52 (W.D. Tex.) ................................. 7

*Parus Holdings Inc. v. LG Elecs. Inc.*,
2020 WL 4905809 (W.D. Tex. Aug. 20, 2020)....................................... 11

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981)..................................................................... 5

*Receivership Est. of Audioscience Inc. v. Google LLC*,
No. 6:21-CV-1209-ADA, 2022 WL 3705022 (W.D. Tex. Aug. 18, 2022)............................. 11

*WAG Acquisition, L.L.C. v. Google LLC*,
No. W-21-CV-00816-ADA, 2022 WL 9569437 (W.D. Tex. Oct. 5, 2022).................. 6, 10, 12

*XR Commc'ns, LLC v. Google LLC*,
No. 6:21-CV-00625-ADA, 2022 WL 3702271 (W.D. Tex. Aug. 26, 2022)................. 6, 11, 12

**Statutes**

28 U.S.C. § 1400(b) ...................................................................... 6

28 U.S.C. § 1404(a) ...................................................................... 4

**Regulations**

Fed. R. Civ. P. 12(b)(6)............................................................... 10

PUBLIC VERSION

# TABLE OF AUTHORITIES
(authorities)

**Page(s)**

Fed. R. Civ. P. 45(B)(ii) ............................................................................................... 7

Fed. R. Civ. P. 45(c)(1)(A) ........................................................................................... 7

PUBLIC VERSION

I.      **INTRODUCTION**

Defendant Google LLC ("Google") respectfully requests that the Court transfer this case to the Northern District of California ("N.D. Cal.").  Eleven Google witnesses who did or do work on and maintain the accused functionalities of the accused products are based there.  N.D. Cal. is also a more convenient and appropriate forum for relevant third parties, including two prior art inventors, one prior art company, and one witness with potential knowledge about the licensing of the asserted patent.  By contrast, Rafqa Star, LLC ("Rafqa Star") appears to have no presence in this District.  It has no known employees, products, or ties to this District.  It was formed less than three years before it filed this lawsuit, and its First Amended Complaint lists the office address of a "virtual office" in Waco, Texas, which is advertised to allow customers to "[o]perate from anywhere, while reflecting a corporate presence, using our prestigious address locations."  Ex. A (Virtual office in Waco) at 3.

II.     **FACTUAL BACKGROUND**

Rafqa Star asserts U.S. Patent No. 11,145,215 ("'215 Patent") against the Navigate with Live View feature of Google Maps, along with "associated hardware and/or software" that "work in conjunction with" the Navigate with Live View feature of Google Maps.  Dkt. 25 ¶ 27; Dkt. 25-2 at 1.  Google developed and maintains these products in N.D. Cal., where much of the relevant evidence is and where the vast majority of relevant witnesses perform or performed their work. *See infra*, Section II.B.

A.  **Rafqa Star Has No Real Ties To W.D. Tex.**

Rafqa Star has no known employees, products, or ties to the Western District of Texas ("W.D. Tex.").  Its First Amended Complaint lists the office address of a "virtual office" in Waco, Texas, which is advertised as costing only $99 per month and touted to allow customers to

"[o]perate from anywhere, while reflecting a corporate presence, using our prestigious address locations." Dkt. 25 ¶ 2; Ex. A (Virtual office in Waco) at 1, 3.

Rafqa Star was formed on February 10, 2020, less than three years before it filed this suit. Ex. B (OpenCorporates Rafqa Star). On November 11, 2022, Rafqa Star acquired the '215 Patent from Sitting Man, LLC. Ex. C (Assignment record) at 1. One week later, on November 18, 2022, Rafqa Star filed suit against Google. Dkt. 1.

**B. Google's Witnesses And Documents Are In N.D. Cal.**

Google's corporate headquarters and the strategic center of its business is in Mountain View, California. Based on Google's investigation, eleven witnesses with knowledge about the accused functionality are based in N.D. Cal. and report to either Google's Mountain View or San Francisco office:

- **Peter Tan** is a Senior Staff Software Engineer and Technical Lead and Manager of the AR Experiences team who works on Navigate with Live View and reports to Google's Mountain View office. Declaration of Peter Tan ("Tan Decl.") ¶¶ 2-3.

- **Seung Woo Shin**, ███████████ is a Team Lead for Navigate with Live View. Mr. Shin reports to Google's Mountain View office. Mr. Shin oversees a team of **six engineers** who work on Navigate with Live View, of whom five report to either Google's Mountain View or San Francisco office and one reports to Google's Austin, Texas office. The one team member based in Texas does not have any unique, non-duplicative knowledge of the research, design, development, and implementation of Navigate with Live View that Mr. Shin, the members of Mr. Shin's team, or Mr. Tan do not have. *Id.* ¶¶ 4-8.

PUBLIC VERSION

- **Marek Gorecki** is an Engineering Lead of Live View, Maps, and Street View and worked on Navigate with Live View.  He reports to Google's Mountain View office.  *Id*. ¶ 9.a.

- **Eric Lai** is a Group Product Manager of Navigate with Live View and reports to Google's Mountain View office.  *Id*. ¶ 9.b.

- **Justin Quimby** is a Group Product Manager of Google Maps Live View and was a Product Manager of Navigate with Live View.  He reports to Google's Mountain View office.  *Id*. ¶ 9.c.

- **Steven Toh** is a UX Lead on the AR/VR team and works on the User Experience ("UX") design of Navigate with Live View.  He reports to Google's San Francisco office.  *Id*. ¶ 9.d.

- **Andre Le** is a UX Lead on the Views team and was responsible for the UX design of Navigate with Live View.  He currently reports to Google's New York office.  ████████ ████████ he reported to Google's Mountain View office.  *Id*. ¶ 9.e.

- **Rachel Inman** is a prior UX Lead on the Live View team and was responsible for the UX design of Navigate with Live View.  She currently reports to Google's New York office. ████████ she reported to Google's Mountain View office, where she did the majority of her UX design work for Navigate with Live View.  *Id*. ¶ 9.f.

In short, eleven of these fourteen witnesses are based in N.D. Cal., and they collectively researched, designed, developed, implemented, and/or maintain the accused functionality.

**C.  Third-Party Witnesses Are Located In N.D. Cal. Or Other Locations Besides Texas**

No known relevant third party witnesses are located in W.D. Tex.  In contrast, two key prior artists, one key prior art company, and one witness with potential knowledge about the licensing of the '215 Patent are located in N.D. Cal.:

3

- Jason Waldman is a named inventor of U.S. Patent Application No. 2011/0199479 ("Waldman"), which discloses a method for displaying augmented reality maps on a mobile device using an augmented reality application and real-time video captured through a camera, which is displayed with a directional map. Ex. D (Waldman). Mr. Waldman is in Palo Alto, California in N.D. Cal. *Id.* at Cover. Waldman was assigned to Apple Inc., which is headquartered in Cupertino, California in N.D. Cal. *Id.*

- Erick Tseng is a named inventor of U.S. Patent No. 8,698,843 ("Tseng"), which discloses an augmented reality application on a mobile device that uses a camera to capture real-time or near real-time images that are displayed with annotations to indicate locations. Ex. E (Tseng). Mr. Tseng is in San Francisco, California in N.D. Cal. *Id.* at Cover. Tseng was assigned to Google, which is headquartered in Mountain View, California in N.D. Cal. *Id.*

- Kevin Zilka is a manager of Oso IP, LLC, an entity with potential ties to Rafqa Star. Exs. F (OpenCorporates Oso IP, LLC), G (RPX). Upon information and belief, Mr. Zilka has knowledge about the licensing of the '215 Patent or related patents.[1] Mr. Zilka is in San Jose, California in N.D. Cal. Ex. H at 3 (Zilka-Kotab PC).

The sole inventor of the '215 Patent resides in Madison, Georgia. Dkt. 25-1 at Cover.

III.    **LEGAL STANDARD**

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). To evaluate transfer under § 1404(a), courts first consider "whether a civil action

---

[1] Google is serving venue discovery, including discovery as to Mr. Zilka's role in licensing the '215 Patent, concurrently with the filing of this Motion.

PUBLIC VERSION

'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*").

If the destination venue would have been a proper venue, then the "determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (quotation and footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960); *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *3 (Fed. Cir. Nov. 15, 2021) (citing *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013)).

"[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Juniper*, 14 F.4th 1313, 1323 (Fed. Cir. 2021) (citing *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009)).

IV.    **ARGUMENT**

   A.  **This Case Could Have Been Brought In N.D. Cal.**

   "The preliminary question under 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312.  To satisfy this question, "the movant must show that venue and jurisdiction would have been proper in the transferee forum when the plaintiff filed suit." *XR Commc'ns, LLC v. Google LLC*, No. 6:21-CV-00625-ADA, 2022 WL 3702271, at *2 (W.D. Tex. Aug. 26, 2022) (finding suit against Google could be brought in N.D. Cal.).  This threshold is met because Rafqa Star could have brought this action in N.D. Cal., where Google is headquartered.  *See* 28 U.S.C. § 1400(b); *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

   B.  **The Private Interest Factors Favor Transfer To N.D. Cal.**

       1.  **The Relative Ease Of Access To Sources Of Proof**

   "In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *WAG Acquisition, L.L.C. v. Google LLC*, No. W-21-CV-00816-ADA, 2022 WL 9569437, at *3 (W.D. Tex. Oct. 5, 2022).  In "patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Nintendo*, 589 F.3d at 1199 (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).  "Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d at 1345).

   The relevant documents about the accused Navigate with Live View feature of Google Maps were primarily created and maintained in N.D. Cal., where employees working on those features created and maintained them.  *See* Tan Decl. ¶ 10; *see In re Google LLC*, 2021 WL 5292267, at *2 ("[D]istrict court erred by analyzing only the location of servers where documents

PUBLIC VERSION

are stored, rather than also considering the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval."); *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *6 (Fed. Cir. Sept. 27, 2021).  Here, based on Google's investigation thus far, many more employees with knowledge relevant to this litigation are based in N.D. Cal. (eleven identified employees) than W.D. Tex. (one identified employee), and, accordingly, the ease of access to the relevant documents that they created and maintain support transfer to N.D. Cal.  *See supra*, Section II.B.  This factor thus weighs heavily in favor of transfer. *L2 Mobile Techs. LLC v. Google LLC*, No. 6:21-cv-00358-ADA, ECF No. 52, at 7 (W.D. Tex.) ("[T]his Court will follow the Federal Circuit's lead and weigh the evidence created and maintained by NDCA-based Google personnel in favor of transfer.").

### 2. The Availability Of Compulsory Process To Secure The Attendance Of Witnesses

This factor focuses on "non-party witnesses whose attendance may need to be secured by a court order."  *Fintiv, Inc. v. Apple Inc.*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019) (citing *Volkswagen II*, 545 F.3d at 316).  A court may subpoena a witness to attend trial only (A) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (B) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense."  Fed. R. Civ. P. 45(c)(1)(A), (B)(ii).  The Federal Circuit has held that, under Fifth Circuit law, "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor."  *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). This factor includes consideration of third party entities.  *In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *3 (Fed. Cir. Nov. 15, 2021) (holding that courts should not "discount" third-party

PUBLIC VERSION

entities with pertinent information and that identification of individual employees of those entities is not required) (citing *In re HP Inc.*, 826 F. App'x 899, 903 (Fed. Cir. 2020)).

Four third-party witnesses are subject to compulsory process in N.D. Cal., which has subpoena power over individuals in the state of California.  Fed. R. Civ. P. 45(c)(1)(A), (B)(ii).  This includes two prior art inventors (Jason Waldman and Erick Tseng), one prior art assignee (Apple Inc.), and one witness with potential knowledge about the licensing of the '215 Patent (Kevin Zilka), all of whom are located in N.D. Cal. and within the subpoena power of N.D. Cal.  *See supra*, Section II.C.  In contrast, Google is not aware of any relevant third-party witnesses who reside in Texas.

Because four third-party witnesses are subject to compulsory process in N.D. Cal. and there are no known relevant third party witnesses subject to compulsory process in W.D. Tex., this factor weighs in favor of transfer.

### 3.  The Cost Of Attendance For Willing Witnesses

Witness convenience is "probably the single most important factor in transfer analysis." *In re Genentech*, 566 F.3d at 1343.  To help with the analysis of this factor, the Fifth Circuit established the "100-mile rule," which provides that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05.  But the Federal Circuit has stated that courts should not apply the rule "rigidly" where witnesses will be required to travel a significant distance no matter what venue they testify in.  *In re Apple*, 979 F.3d at 1342.  The "inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time."  *In re Google*, 2021 WL 4427899, at *4.

PUBLIC VERSION

N.D. Cal. is clearly a more convenient venue for witnesses because many more Google witnesses with technical knowledge of the accused functionality are based in N.D. Cal.  *See supra* Section II.B.  Google has thus far identified fourteen potential witnesses.  *See id*.  Of these witnesses, eleven are based in N.D. Cal., two are based in New York, and one is based in Texas. As explained below, the one person in Texas has no unique relevant knowledge and is unlikely to testify.

It "is an 'obvious conclusion' that it is more convenient for witnesses to testify at home" than a forum hundreds of miles away.  *Volkswagen II*, 545 F.3d at 317.  In N.D. Cal., Google's engineers, product managers, company representatives, and other witnesses can spend minimal time away to testify because they can drive back and forth to work and the federal courthouses in N.D. Cal.  For example, Google employees can drive from Google's headquarters in Mountain View to the courts in N.D. Cal. in under one hour.  Declaration of Stacy Yae ("Yae Decl.") ¶ 3.

If this case proceeds in W.D. Tex., testifying will require the vast majority of Google's witnesses to spend at least five hours, including at least one layover, in flight time.  *Id.* ¶ 2.  That estimate does not account for time traveling to and from the airport, waiting at the airport, renting cars, and traveling to and from hotels.  The Fifth Circuit has explained that witnesses who have to leave home "not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community," making trial in W.D. Tex. all the less convenient. *Volkswagen II*, 545 F.3d at 317.  And even if "it is true that the witnesses in the Northern District of California are largely affiliated with [Google], that does not negate the inconvenience and cost to those individuals to travel a significant distance to testify."  *In re Google*, 2021 WL 4427899, at *4.

PUBLIC VERSION

In *WAG Acquisition*, which also involved allegations against Google, this Court found witness convenience favored transfer because "more potential willing witnesses are likely located in the NDCA than in the WDTX" and "that neither the WDTX nor the NDCA is a convenient forum for the other potential willing witnesses." 2022 WL 9569437, at *6. The location of Google's witnesses compels the same result here.

While there is one person in Google's Austin office who works on the accused functionality, he has no unique, non-duplicative information to offer in this case that the other Google witnesses cannot cover. Tan Decl. ¶¶ 7-8. For these reasons, Google does not expect that he will testify at trial. *See 10Tales, Inc. v. TikTok Inc.*, 2021 WL 2043978, at *4 (W.D. Tex. May 21, 2021) (finding in favor of transfer to N.D. Cal. because more witnesses resided in N.D. Cal. and the few Austin witnesses' relevance was disputed).

Accordingly, this factor heavily favors transfer because far more witnesses reside in the transferee venue than in W.D. Tex. *In re Google LLC,* No. 2023-101, 2023 WL 1425780, at *3 (Fed. Cir. Feb. 1, 2023) (finding that eleven witnesses in the transferee district as compared to three witnesses in the transferor district weighs "firmly" in favor of transfer).

### 4. Other Practical Problems That Make Trial Of A Case Easy, Expeditious, And Inexpensive

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. Here, there are no practical problems that prevent transfer to N.D. Cal. Neither W.D. Tex. nor N.D. Cal. has experience with the asserted '215 Patent, Rafqa Star has not filed any other suits in this District, and this case is still in the early stages of litigation. No party has served any discovery (other than venue discovery that Google is serving concurrently with the filing of this Motion) or noticed or taken any depositions, and no other motions have been filed except Google's

10

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Yae Decl. ¶ 4.  Accordingly, "any increase in judicial economy from the Court's experience in these early stages of litigation is likely to be limited."  *Parus Holdings Inc. v. LG Elecs. Inc.*, 2020 WL 4905809, at *7 (W.D. Tex. Aug. 20, 2020).  Thus, this factor is neutral.

**C.  The Public Interest Factors Favor Transfer To N.D. Cal.**

**1.  The Administrative Difficulties Flowing From Court Congestion**

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums."  *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020).  The relevant inquiry under this factor is the "speed with which a case can come to trial and be resolved."  *In re Genentech*, 566 F.3d at 1347; *In re Apple*, 979 F.3d 1343 (citations omitted).  This factor is "the most speculative" and is given little weight compared to the other transfer factors.  *XR Commc'ns*, 2022 WL 3702271, at *9 (citing *In re Genentech*, 566 F.3d at 1347).

The Federal Circuit recently "noted that 'the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics.'"  *In re Apple*, 2021 WL 5291804, at *4 (quoting *In re Juniper*, 14 F.4th at 1322).  This Court recently transferred four Google cases from W.D. Tex. to N.D. Cal. despite presuming that it would reach trial faster than a court in N.D. Cal. because it agreed that time to trial is "speculative."  *XR Commc'ns*, 2022 WL 3702271, at *9; *Receivership Est. of Audioscience Inc. v. Google LLC*, No. 6:21-CV-1209-ADA, 2022 WL 3705022, at *6 (W.D. Tex. Aug. 18, 2022).  Thus, at most, this factor should be given neutral weight.

**2.  The Local Interest In Having Localized Interest Decided At Home**

Under this factor, courts evaluate whether there is a local interest in deciding local issues at home.  *Volkswagen II*, 545 F.3d at 315.  This factor focuses on the "significant connections

between a particular venue and the events that gave rise to a suit." *In re Google*, 2021 WL 4427899, at *5 (internal citations omitted).

Local interests strongly favor transfer because Google designed most of the accused functionality in N.D. Cal., and its personnel, documentary records, and ongoing activities relating to the design, development and operation of the accused functionality are primarily there. *See supra*, Section II.B; *see also In re Google*, 2021 WL 4427899, at *5–6. Under similar circumstances, this Court has found N.D. Cal. has a greater local interest in cases involving Google than W.D. Tex. *XR Commc'ns*, 2022 WL 3702271, at *9; *WAG Acquisition*, 2022 WL 9569437, at *8–9; *Receivership*, 2022 WL 3705022, at *6-7. While "Google has a general presence in this District," a court "would clearly abuse its discretion in according *any* weight to it." *XR Commc'ns*, 2022 WL 3702271, at *9 (citing *In re Apple Inc.*, No. 2022-137, 2022 WL 1676400, at *2 (Fed. Cir. May 26, 2022)) (emphasis in original).

Moreover, Rafqa Star was only recently formed in Texas on February 10, 2020, and its Texas office address is a "virtual office" advertised to allow customers to "[o]perate from anywhere, while reflecting a corporate presence, using our prestigious address locations." Ex. A (Virtual office in Waco) at 3. The Federal Circuit has cautioned that "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks*, 14 F.4th at 1320 (quoting *In re Microsoft*, 630 F.3d at 1365). Moreover, Rafqa Star has no known employees, products, or ties to W.D. Tex. and only acquired the '215 Patent one week before filing this lawsuit on November 18, 2022. *Supra*, Section II.A. Rafqa Star's recent and "virtual" presence in this District should not outweigh Google's longstanding presence

PUBLIC VERSION

in N.D. Cal. and specifically, its presence as it relates to the allegations of this case.  This factor

weighs heavily in favor of transfer.

>    **3.   The Familiarity Of The Forum With The Law That Will Govern The**
>    **Case And The Avoidance Of Unnecessary Problems Of Conflict Of Laws**
>    **Or In The Application Of Foreign Law**

The courts in both forums are experienced with patent law, and no conflict-of-law issues

are present.  These factors are neutral.

## V.      CONCLUSION

For all of these reasons, the private and public interest factors weigh in favor of transfer.

Google respectfully requests that the Court transfer this case to the Northern District of California.


Dated: March 13, 2023                Respectfully submitted,

                                     */s/ Brian C. Banner*

                                     **SLAYDEN GRUBERT BEARD PLLC**

                                     Brian C. Banner (TX #24059416)
                                     bbanner@sgbfirm.com
                                     401 Congress Avenue, Suite 1650
                                     Austin, TX 78701
                                     Telephone: (512) 402-3569
                                     Facsimile: (512) 402-6865

                                     **O'MELVENY & MYERS LLP**

                                     David S. Almeling (*Pro Hac Vice*)
                                     dalmeling@omm.com
                                     Sorin Zaharia (*Pro Hac Vice*)
                                     szaharia@omm.com
                                     Two Embarcadero Center, 28th Floor
                                     San Francisco, CA 94111
                                     Telephone: (415) 984-8700
                                     Facsimile: (415) 984-8701

                                     Stacy P. Yae (*Pro Hac Vice*)
                                     syae@omm.com

13

400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

***Attorneys for Defendant Google LLC***

14

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

RAFQA STAR, LLC,

               Plaintiff,

    v.

GOOGLE LLC,

               Defendant.

Case No. 6:22-cv-1207-ADA

JURY TRIAL DEMANDED

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 20th day of March, 2023, I served Defendant Google LLC's Opposed Motion to Transfer (PUBLIC VERSION) to the Northern District of California and accompanying exhibits on all counsel of record using the court's CM/ECF system.

*/s/ Brian C. Banner*
Brian C. Banner