**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| RAFQA STAR, LLC, <br><br>　　　　　　　Plaintiff, <br><br>　v. <br><br>GOOGLE LLC, <br><br>　　　　　　　Defendant. | Case No. 6:22-cv-1207-ADA <br><br> JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

Eleven relevant Google witnesses, three third-party witnesses, and most of the relevant evidence are in N.D. Cal.  By contrast, Rafqa has only a recent "virtual office" in this District, fails to identify any evidence in this District, and identifies only one potentially relevant Google witness in this District who no longer works on the accused product, has no non-duplicative relevant knowledge, and is unlikely to testify.  This case should be transferred to N.D. Cal.

**I.     The Cost Of Attendance For Willing Witnesses Favors Transfer**

The parties have collectively identified 17 party witnesses: 11 are in N.D. Cal., 5 are in districts other than N.D. Cal. and W.D. Tex., and one is in W.D. Tex.  Against this record, which overwhelmingly favors transfer, Rafqa presents six arguments.

***First***, Rafqa argues that the Tan Declaration is "ambiguous" because it discloses only which office each of the 14 Google employees "reports to," rather than where they are located.  Dkt. 49 at 2-3, 7-8.  This semantic argument has no merit, as the Tan Declaration discloses whether an employee "reports to" an office or "works remotely."  *See, e.g.*, Dkt. 32-1 ¶ 3.  Employees who "report to" an office live near that office so they can physically report to it, meaning N.D. Cal. is more convenient for 11 witnesses.  *See id*. ¶¶ 2-9.  As for the one employee witness in Austin, he does not have any unique knowledge that the other employee witnesses do not have, *id*. ¶ 7, and thus should be given less weight in the transfer analysis.  *See HD Silicon Sols. LLC v. Microchip Tech. Inc.*, 2021 WL 4953884, at *4-5 (W.D. Tex. Oct. 25, 2021) (giving less weight to party witnesses that had only cumulative knowledge).

***Second***, Rafqa argues that the Tan Declaration and Google's venue discovery responses are "incomplete."  Dkt. 49 at 2-4.  But Rafqa could have deposed Mr. Tan, requested Google to supplement its discovery responses, or raised any discovery dispute with the Court.  Rafqa did none of this and instead, raises its complaint for the first time in its opposition.  Moreover, the Tan Declaration identifies each employee who worked or works on the accused product: Peter Tan,

Seung Woo Shin, six employees on Mr. Shin's team, and six employees on other teams. Dkt. 32-1 ¶¶ 2-9. As Rafqa admits, Google also disclosed whether any identified employees left Google or stopped working on the accused product; produced documents that identify employees who did or do work on the accused product; and identified business, marketing, and finance employees in response to Rafqa's venue interrogatory requests. Dkt. 49 at 4; Ex. 18 at 8, 13, 16; Ex. 19 at 8.

**Third**, Rafqa falsely accuses Google of "cherry-pick[ing]" its witnesses. Dkt. 49 at 9. The Tan Declaration identified *all* relevant witnesses who worked or works on the "research, design, development, and implementation" of the accused product, including one employee (Ningyuan Wang) in Austin. Dkt. 32-1 ¶¶ 2-9. Rafqa counters by listing seven other Google employees who reside in Austin and speculating that they have relevant knowledge.[1] Dkt. 49 at 4. Rafqa's list is not based on verified discovery, but on LinkedIn searches, which only show that these seven had some involvement with Google Maps—which has many features, only one of which is accused in this case: the Navigate with Live View feature of Google Maps Live View—but none on the accused feature, which the Tan Declaration confirms. *See* Exs. 10, 12-13, 15-16, 26, I.

Rafqa also argues that Google should have identified witnesses who work on ARCore, Pixel devices, and the Android operating system ("OS"). Dkt. 49 at 8. But this would encompass hundreds of irrelevant employees. Rafqa defines "Accused Instrumentalities" as "the Google Live View feature […] along with associated hardware and/or software, […] that work in conjunction with the Google Live View feature." Dkt. 25-2 at 1. ARCore is not accused or mentioned in the complaint. *See id.*; Dkt. 25. Pixel and Android OS are accused only to the extent they "work in

---

[1] Rafqa did not serve any discovery on these seven employees and identifies them for the first time in its opposition. Of these seven, one (Stephanie L'Ecuyer) does not appear to work in Texas and two (Bilawal Sidhu and Syamantak Kumar) appear to no longer work at Google. *See* Exs. I, 12, 26.

conjunction with" the accused feature, and the Tan Declaration identified employees with relevant knowledge about the accused feature.

**Fourth**, Rafqa identifies three of its own witnesses, but none reside in W.D. Tex. Dkt. 49 at 10. Patrick Caldwell, Rafqa's patent prosecution counsel, resides in Dallas in N.D. Tex. Dkt. 48-1 ¶ 3. Robert Paul Morris, the named inventor of the asserted patent, resides in North Carolina and states he would request to testify remotely if required to testify in N.D. Cal. Dkt. 48-2 ¶¶ 3, 6. Andrew Gordon, the sole member of Rafqa, resides in Frisco in E.D. Tex. Dkt. 48-3 ¶¶ 2, 4.

**Fifth**, Rafqa argues that Google is a large company that is better able to bear the increased costs of trial in N.D. Cal. than Rafqa, which "has not generated any revenue since formation." Dkt. 49 at 12. Rafqa cites no authority that the parties' relative size or resources are appropriately considered in the transfer analysis. Indeed, this is not any of the private or public interest factors.

**Sixth**, Rafqa argues that the cost of trial in N.D. Cal. is higher than in W.D. Tex. because hotels in San Francisco are more expensive than in Waco. Dkt. 49 at 11. But if the case is transferred, Google's 11 witnesses in N.D. Cal. (and the three third-party prior art witnesses in N.D. Cal.) would not have to fly, stay in hotels, or travel to another state. Thus, while lodging in W.D. Tex. may be less expensive for Rafqa's three party witnesses, that saving pales in comparison to the time, money, and inconvenience for more witnesses if this case is not transferred.

In sum, 11 Google witnesses are in N.D. Cal. and no witnesses with non-duplicative relevant knowledge are in this District  Thus, this factor weighs heavily in favor of transfer.

## II.     The Relative Ease Of Access To Sources Of Proof Favors Transfer

The relevant documents were created and are maintained by the Google employees who work on the accused product—the vast majority of whom are in N.D. Cal. Dkt. 32 at 2-3. In response, Rafqa presents two arguments. **First**, Rafqa argues that Google's electronic records are equally accessible from either forum. Dkt. 48 at 12-13. But "the Federal Circuit has rejected the

3

reasoning that this factor is neutral where the relevant evidence can be accessed electronically" and has held that it is "error" to not also consider the location of document custodians and where documents are created and maintained.  *WAG Acquisition, L.L.C. v. Google LLC*, 2022 WL 9569437, at *4 (W.D. Tex. Oct. 5, 2022).  **Second**, Rafqa's argument that it stores "records" in Waco is unsupported.  Dkt. 49 at 1.  Mr. Gordon's affidavit states only that he keeps "records" in Frisco, which is not in this District; nor does that affidavit state what those "records" are.  Dkt. 48-3 ¶ 7.  As for Mr. Caldwell and Mirai, their records are kept in Dallas, which is also not in this District.  Dkt. 48-1 ¶¶ 3-4, 7.[2]  Thus, this factor weighs heavily in favor of transfer.

### III.    Compulsory Process To Secure The Attendance Of Witnesses Favors Transfer

Google identified three prior art witnesses who would be subject to compulsory process in N.D. Cal.  Dkt. 32 at 8.  Rafqa identifies two former Google employees in W.D. Tex., but they are not relevant because neither worked on the accused product.[3]  *See* Exs. 12, 26.  Rafqa also argues that more prior art witnesses reside "closer" to W.D. Tex.  Dkt. 49 at 5.  But three of these witnesses reside in California, none reside in Texas, and the vast majority reside outside the U.S.  Ex. 31.  Non-U.S. witnesses would need to travel a significant distance no matter where they testify; thus, that they are marginally "closer" to W.D. Tex. does not disfavor transfer.  Rafqa has not identified any witness who would be subject to compulsory process in W.D. Tex.  This factor favors transfer.

### IV.    Local Interest Favors Transfer

Most of the relevant work, personnel, records, and ongoing activities occurred in or are in N.D. Cal.  Dkt. 32 at 2-3.  By contrast, Rafqa does not dispute that it has only a "virtual office" in

---

[2] Rafqa states that Mirai is represented by Kevin Zilka.  Dkt. 49 at 1.  Mr. Zilka is not relevant to this litigation.  But to the extent he is considered in this analysis, he resides in N.D. Cal. and therefore supports transfer.  Dkt. 48-4 ¶ 6.

[3] Instead, one worked on "AR/VR" and "3D Mapping Platform" and the other worked on "an android application to extract 3D point clouds by scanning objects using ARCore."  Exs. 12, 26.

Waco that was formed in 2020 and has no employees. Dkt. 48-3 ¶ 3. Its allegation that Mr. Gordon "works" in Rafqa's virtual Waco office is unsupported. Dkt. 49 at 1. Mr. Gordon does not state that he does any work in Waco; he states only that he does most of his work from his Frisco home. Dkt. 48-3 ¶ 8. Nor does Rafqa's argument that Google has a "large footprint" in this District disfavor transfer. Dkt. 49 at 2. It would be a "clear[] abuse" of discretion to accord any weight to Google's "general presence in this District." *XR Commc'ns, LLC v. Google LLC*, 2022 WL 3702271, at *9 (W.D. Tex. Aug. 26, 2022). Thus, this factor weighs heavily in favor of transfer.

## V. The Difference In Administrative Difficulties Is Neutral

Rafqa's time-to-trial argument fails under Federal Circuit authority, which has found "no significant differences" in time-to-trial statistics between W.D. Tex. and N.D. Cal. Dkt. 49 at 14; *In re Apple Inc.*, 2021 WL 5291804, at *4 (Fed. Cir. Nov. 15, 2021). Regardless, this factor is "the most speculative" and given little weight, especially where, as here, the other factors favor transfer and plaintiff does not make any competing products. *XR Commc'ns*, 2022 WL 3702271, at *9; *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023) (discounting time-to-trial difference where plaintiff had no competing product in the market). At most, this factor is neutral.

## VI. CONCLUSION

In sum, and as shown in the table below, four factors favor transfer and four factors are neutral. Thus, Google respectfully requests this case be transferred to N.D. Cal.

| Factors Favoring Transfer | Neutral Factors |
| --- | --- |
| Cost of attendance for willing witnesses (i.e., 11 party witnesses in NDCA vs. 1 in WDTX) | Other practical problems (undisputed) |
| Relative ease of access to sources of proof (i.e., majority of evidence more easily obtained in NDCA vs. no identified records in WDTX) | Familiarity of the law (undisputed) |
| Compulsory process (i.e., 3 non-party witnesses in NDCA vs. none in WDTX) | Conflict of laws (undisputed) |
| Local interest (i.e., majority of work done on accused product in NDCA, where Google is based vs. Rafqa's "virtual" and recent presence in WDTX | Court congestion |

5

Dated: June 21, 2023        Respectfully submitted,

/s/ *Brian C. Banner*

**SLAYDEN GRUBERT BEARD PLLC**

Brian C. Banner (TX #24059416)
bbanner@sgbfirm.com
401 Congress Avenue, Suite 1650
Austin, TX 78701
Telephone: (512) 402-3569
Facsimile: (512) 402-6865

**O'MELVENY & MYERS LLP**

David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Sorin Zaharia (*Pro Hac Vice*)
szaharia@omm.com
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Stacy P. Yae (*Pro Hac Vice*)
syae@omm.com
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send a notification of such filing to all registered participants.

/s/ *Brian C. Banner*