**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| RAFQA STAR, LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>               Defendant. | ▮<br><br>Case No. 6:22-cv-1207-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA
UNDER 28 U.S.C. § 1404(A)**

██████████████████████

Google files this submission at the invitation of the Court during the July 25, 2023 hearing. Per the Court's instructions at that hearing, this submission does not contain any new evidence. Instead, this submission summarizes where things stand now that all evidence is in:

1. **The cost of attendance for willing witnesses strongly favors transfer** because out of the 21 identified willing witnesses, 13 are in the Northern District of California ("N.D. Cal."), 1 is in the Western District of Texas ("W.D. Tex.") (and has no non-duplicative knowledge that the witnesses in N.D. Cal. do not have), and 7 are in other districts.

2. **The relative ease of access to sources of proof strongly favors transfer** because the vast majority of relevant documents are in N.D. Cal. and none are in W.D. Tex.

3. **The availability of compulsory process strongly favors transfer** because five presumed unwilling witnesses are in California and none are in Texas.

4. **The other practical problems factor is undisputed and neutral** because neither W.D. Tex. nor N.D. Cal. has experience with the asserted '215 Patent, Rafqa has not filed any other suits in W.D. Tex., and this case is still in the early stages of litigation.

5. **Local interests strongly favor transfer** because the vast majority of the relevant work, personnel, records, and activities are in N.D. Cal. By contrast, Rafqa has only a recent "virtual office" in Waco and has no employees, products, or activities in W.D. Tex. other than asserting the '215 Patent.

6. **The difference in administrative difficulties is neutral** because under Federal Circuit authority, W.D. Tex. and N.D. Cal. "show no significant differences in caseload or time-to-trial statistics." *In re Apple, Inc.*, 2021 WL 5291804, at *4 (Fed. Cir. Nov. 15, 2021).

7. **The familiarity of the law and conflict of law factors are undisputed and neutral** because both courts are experienced with patent law and no conflict-of-law issues exist.

In sum, four factors strongly favor transfer and four factors are neutral. Thus, this case should be transferred to N.D. Cal. The evidence for the four disputed factors are detailed below.

I. **The Cost Of Attendance For Willing Witnesses Strongly Favors Transfer**

The parties have collectively identified 21 potential party witnesses. Of these, 13 are in N.D. Cal., one is in W.D. Tex., and the others are in other districts throughout the country and world:



Peter Tan, lead engineer in charge of the accused product, Navigate with Live View, testified that the one witness in W.D. Tex., Mr. Wang, no longer works on the accused product. Hr'g Tr. at 19:11-13, 23:1-7, 23:14-17. Mr. Tan also testified that Mr. Wang worked closely with two witnesses in N.D. Cal. ▮▮▮▮▮ and does not have any non-duplicative knowledge that these two witnesses do not have. *Id.* at 23:18-24:4. Further, Mr. Tan testified that he does not know any Google employee in Google's Austin office who has worked on the accused product other than Mr. Wang, and he confirmed that the seven Google employees Rafqa identified in Austin based on their LinkedIn have not worked on the accused product. *Id.* at 24:5-8, 25:6-26:8.

Further, Mr. Tan testified that he comprehensively identified every Google employee who has worked on the accused product in his declaration (Dkt. 32-1). *Id.* at 20:19-21:4. Specifically, Mr. Tan identified ▮ people as having worked on the accused product, ▮ of whom work and live

in the San Francisco Bay Area: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *Id*. at 21:8-22:4, 22:14-22. Mr. Tan also testified that Google's current policy requires employees to go into their assigned office three days a week, and he knows that these ▆ individuals live in the San Francisco Bay Area because he regularly meets them in the office. *Id*. at 34:24-35:4, 29:25-30:8. Another two Google witnesses in N.D. Cal. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ with relevant but non-technical knowledge were identified in Google's venue discovery responses. Dkt. 49-1 at 8, 16.

Rafqa's argument that Google should have identified witnesses who work on a non-accused product, ARCore, does not disfavor transfer. ARCore is not accused or mentioned in the complaint or infringement contentions, and Mr. Tan testified that ARCore is different from the accused product, Navigate with Live View. *See* Dkt. 25; Dkt. 25-2; Hr'g Tr. at 26:23-27:1. But even if ARCore were accused, the Google employees who work on ARCore are in N.D. Cal. and thus further support transfer: Mr. Tan testified that he does not know anyone on the ARCore team in Texas and the people on that team he knows of are in Northern California. *Id*. at 32:17-20, 34:6-16. The same is true for Street View—that product is not accused, but even if it were, Mr. Tan testified that the Google employees he knows who work on Street View are in Seattle, *id*. at 34:17-23, which is not in Texas.

When presented with the same or similar parties and witnesses, courts in this District have transferred cases to N.D. Cal. For example, *USTA Technology, LLC v. Google LLC* involved the same defendant (Google), a plaintiff with the same sole principal (Mr. Gordon), the same prosecuting attorney (Mr. Caldwell), and the same inventor (Mr. Morris). 2023 WL 4833481 (W.D. Tex. July 26, 2023). In *USTA*, as here, plaintiff submitted "several LinkedIn profiles, which it contends correspond to seven Google employees in Austin, Texas." *Id*. at *3. The *USTA* court rejected those LinkedIn profiles in favor of Google's sworn declaration. *Id*. As for Mr. Gordon and Mr. Caldwell,

the court found "they are of little importance to the transfer analysis" because they are not in W.D. Tex., and because plaintiff was a non-practicing entity, the court found it was "not clear why either . . . would be required to testify." *Id*. at *4. The *USTA* court found that the convenience of witnesses strongly favored transfer and transferred the case to N.D. Cal. *Id*. at *4, *7. The Court should find the same here. *See also In re Google LLC*, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021) (transferring case to N.D. Cal. involving the same defendant (Google), a plaintiff with the same sole principal (Mr. Gordon), same prosecuting attorney (Mr. Caldwell), and same inventor (Mr. Morris)); *Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *1 (W.D. Tex. Oct. 4, 2022) (same). Thus, the cost of convenience to willing witnesses strongly favors transfer.

## II.     The Relative Ease Of Access To Sources Of Proof Strongly Favors Transfer

Mr. Tan testified that Google's documents about Navigate with Live View are created and maintained by him and the other Google employees who work on Navigate with Live View, Hr'g Tr. at 25:2-5, the majority of whom are in N.D. Cal. He also testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. at 24:16-25:1. By contrast, Rafqa has not identified any documents in this District. Mr. Gordon states that he keeps unidentified "records" in Frisco, Dkt. 48-3 ¶ 7, and Mr. Caldwell states that prosecution "records" are in Dallas. Dkt. 48-1 ¶¶ 4-7. The vast majority of relevant documents are in N.D. Cal. and none are in W.D. Tex.; thus, this factor strongly favors transfer. *See UTSA*, 2023 WL 4833481, at *5 (rejecting plaintiff's argument that it stores records with its principal (Mr. Gordon) in Frisco and prosecuting attorney (Mr. Caldwell) in Dallas because neither are in W.D. Tex. and "Plaintiff's 'business' files are unlikely to be helpful" because it is a non-practicing entity).

## III.    The Compulsory Process Factor Strongly Favors Transfer

Google's Preliminary Invalidity Contentions identifies 12 prior art references involving 26

named inventors or authors. Dkt. 48-30 at 3-8; Dkt. 48-31 at 1-2. Of these 26, none are in Texas, three are in California, four are in other states, and 19 are outside the U.S. *Id*. The three prior art inventors in California (Ping-Wen Ong, Erick Tseng, and Tobias Hollerer) and one prior art company (Apple Inc.) are subject to compulsory process in N.D. Cal., *id*., as is another witness (Kevin Zilka) with knowledge about the prosecution of the '215 Patent. Dkt. 48-4 ¶¶ 5-6. Because five non-party witnesses are in California and none are in Texas, this factor strongly favors transfer.

## IV.     The Local Interest Factor Strongly Favors Transfer

The majority of the relevant work, personnel, and records are in N.D. Cal. *See supra* Section I-II. By contrast, Rafqa was recently formed in 2020 and uses a "virtual office" service that allows it to "[o]perate from anywhere, while reflecting a corporate presence" in Waco. Dkt. 32-3; Dkt. 32-4 at 1. Under Federal Circuit authority, "little or no weight should be accorded to a party's 'recent and ephemeral' presence . . . such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks*, 14 F.4th 1313, 1320 (Fed. Cir. 2021). Rafqa also has no known employees, products, or ties to W.D. Tex. and has not generated any income since its formation. Dkt. 48-3 ¶¶ 3, 10. It has no activities other than asserting the '215 Patent: 18 days after Rafqa was formed, the application that issued as the '215 Patent was filed, and Rafqa did nothing for two years until it filed this lawsuit one week after it acquired the patent. Dkt. 32-4; Dkt. 1; Dkt. 32-5. Rafqa has also offered no evidence that it does any work in this District. Its sole member, Mr. Gordon, does not state that he does any work in W.D. Tex.; rather, he states only that he does most of his work in Frisco, which is not in this District. Dkt. 48-3 ¶¶ 2, 8.

## V.     Conclusion

In sum, four factors strongly favor transfer and four factors are neutral. Thus, Google respectfully requests that this case be transferred to N.D. Cal.

██████████████████████

Dated:  August 4, 2023                    */s/ Brian C. Banner*

**SLAYDEN GRUBERT BEARD PLLC**

Brian C. Banner (TX #24059416)
bbanner@sgbfirm.com
401 Congress Avenue, Suite 1650
Austin, TX 78701
Telephone: (512) 402-3569
Facsimile: (512) 402-6865

**O'MELVENY & MYERS LLP**

Darin Snyder (Pro Hac Vice)
dsnyder@omm.com
David S. Almeling (Pro Hac Vice)
dalmeling@omm.com
Sorin Zaharia (Pro Hac Vice)
szaharia@omm.com
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Stacy P. Yae (Pro Hac Vice)
syae@omm.com
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for Defendant Google LLC*

██████████████████████████
**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of August, 2023, I served the foregoing SEALED document on all counsel of record at the addresses below:

Adam Joshua Woodward (awoodward@devlinlawfirm.com)

Derek F. Dahlgren (ddahlgren@devlinlawfirm.com)

Timothy Devlin (tdevlin@devlinlawfirm.com)

                                                                               */s/ Brian C. Banner*